Application fob Rehearing.
Watkins, J.
Third opponent resists a levy by the Citizens Bank under ft. fa. against the defendant on the following grounds, viz.:
*1007 That at the time of the seizure the dredgeboat was in its possession, through its tenant, J. B. Camors, who was using and operating the same for account and benefit of the opponent under a lease.
That at the time of said levy under fi. fa. the dredgeboat was in the opponent’s possession, and that he held said property as a pledge to secure a debt of eight thousand four hundred and seven dollars and seventy-three cents, by virtue of a written act of pledge signed by the defendant in execution, of date February 24, 1890, under which the property was delivered; and that opponent has held it in actual possession since that date. That, at various times since, defendant has recognized his rights thereunder.
The answer of the defendant is a denial that the property seized was at date of seizure, or at any other time, in third opponent’s possession, through Camors or any one else — the fact being that the boat was, at time of seizure, in the possession of the defendant, Janin, through Camors, under contract of lease, signed by the defendant as owner; and said boat had been continuously and uninterruptedly in defendant’s possession as owner since it was built in 1889.
The answer of the Citizens Bank was that the third opponent had no pledge or possession of the property seized, etc.
On the trial there was a judgment dismissing the third opposition and sustaining the seizure of the Citizens Bank, and third opponent has appealed.
Our opinion and decree affirm the judgment.
The application for rehearing goes upon the following grounds, to-wit:
1. That the Court erred in holding that the possession of Camors, at the time of the seizure, was not in the possession of the Third National Bank of New York.
2. That the Court erred in holding that the possession of Camors could not be made the possession of the bank.
3. That the Court erred in holding that Camors had the absolute right to decline to surrender his possession.
4. That the Court erred in holding that the intervenor had no authority to compel delivery of the boat to Camors.
5. That the Court erred in holding that the obligation to deliver devolved on the debtor, and not on Camors holding the lease.
6. That the Court erred in refusing to hold that the Citizens Bank was bound by the same estoppels Janin was bound by.
*1008 On this application the argument of third opponent is that (1) as the court found as a fact, that Janin had possession of the boat as the agent and representative of the bank under his promise to rent the boat and account for the proceeds to the bank, any lease he made must have been, in law, for the account of the bank; (2) that as the court did find that Janin did lease the boat, and so informed the bank, this finding shows that Janin acknowledged the legal duty which was upon him, and that the lease was for the account of the bank.
Or in other words that while in point of fact the lease was from Janin to Camors, Janin was the agent of the bank as an undisclosed principal; and all that was necessary to put the contract'in shape was that the bank should disclose to Camors, the lessee, that it was principal instead of Janin, and have Camors recognize it (the bank) to put Camors in possession for the bank; and in this manner continue in force and efficacy the act of pledge from Janin to the bank, and defeat a seizure of the boat by one of Janin’s creditors.
It is further claimed that this course was pursued by the bank, and due notice was given to Camors, and same was accepted by him and acquiesced in by Janin. And counsel’s argument is further that the seizing creditor of Janin is bound by the same estoppel that Janin is, and concluded thereby.
The theory of our opinion is that, while it is true that Janin acknowledged himself willing to hold the boat, as the agent of the bank, and account to the bank for the rentals, yet shortly afterward, he made a lease to Burdette, who transferred it to Camors for five hundred dollars per month, yet did not report that fact to the bank.
That the latter, Camors, informed counsel for the bank, that he had leased from the defendant at five hundred dollars per month; and counsel informed him that the boat belonged to the third opponent as security for a debt; and that the boat had been left in Janin’s hands, as agent of the bank; and that his possession was precarious, subject to termination at will. He further stated to him that he had informed Janin that his custody was terminated, and that the bank ratified the lease for its own account and dirfccted him to retain possession for the bank. The lessee gave the defendant notice of the information he had received; and he thereupon consented to hold for the bank.
*1009 It is conceded that the defendant, primarily, gave third opponents a chattel mortgage on the property, having the effect of a pledge on the property.
On this state of facts the opinion holds that opponents’ possession of the thing pledged was not real, actual and effectual at all times, or in other words there was nothing to advise the Citizens Bank of Oamors holding, as pledgee of the bank, because his contract of lease from Janin showed that the latter was the owner, entitling them to seize; that there is nothing in the transaction between Janin and Burdette, nor in that between Burdette and Oamors, to put the Citizens Bank on notice of the pledge of Janin to third opponent, nor that the bank was an undisclosed principal in the contract of lease.
Olaim is not made in this ease that the bank and Janin had agreed upon a third person to hold the property; and in that view the opinion concurs. And our opinion still is that third opponent never had physical, actual possession of the thing pledged. But it was always in the actual possession of Janin and his lessee; and while perfectly good as between the parties, it had no effect as to third persons and seizing creditors of Janin.
Rehearing refused.
Miller, J., recused.